**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4124**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUVANTE TYRELL BASS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00244-CCE-1)

Submitted:  September 14, 2021                    Decided:  September 17, 2021

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juvante Tyrell Bass pled guilty, pursuant to a written plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed concurrent sentences of 84 months' imprisonment on each count. On appeal, Bass's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Bass's sentence. Although advised of his right to file a pro se supplemental brief, Bass has not done so. We affirm in part and dismiss in part.

The Government has moved to dismiss the appeal based on the appellate waiver in Bass's plea agreement. Bass's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss.

Where, as here, the Government seeks to enforce an appeal waiver and Bass has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Bass does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. Bass's challenge to the reasonableness of his sentence falls with the scope of the waiver. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of the sentence.

In accordance with *Anders*, we have thoroughly reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of the waiver. Accordingly, we dismiss Bass's appeal of his sentence and otherwise affirm the district court's judgment. This court requires that counsel inform Bass, in writing, of the right to petition the Supreme Court of the United States for further review. If Bass requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bass. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*